IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RANDY RAFAEL MOSQUERA GIL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:26-cv-1259-K-BN |
| | § | |
| IMMIGRATION AND CUSTOMS | § | |
| ENFORCEMENT, ET AL., | § | |
| | § | |
| Respondents. | § | |

## **MEMORANDUM OPINION AND ORDER TRANSFERRING CASE**

An individual identified as Alexis Jose Materan filed as "next friend" and in

the Dallas Division of this district an application for a writ of habeas corpus under 28

U.S.C. § 2241 on behalf of Petitioner Randy Rafael Mosquera Gil, currently detained

by U.S. Immigration and Customs Enforcement ("ICE") at the Eden Detention Center

in Eden, Texas. *See* Dkt. No. 1.

And United States District Judge Ed Kinkeade referred this matter to the

undersigned United States magistrate judge for pretrial management under 28

U.S.C. § 636(b) and a standing order of reference.

First, the petition includes no explanation of how Materan qualifies to proceed

as "next friend" on behalf of Petitioner.

> "In all courts of the United States the parties may plead and
> conduct their own cases personally or by counsel as, by the rules of such
> courts, respectively, are permitted to manage and conduct causes
> therein." 28 U.S.C. § 1654. A petition for a writ of habeas corpus must
> "be in writing signed and verified by the person for whose relief it is
> intended or by someone acting in his behalf." 28 U.S.C. § 2242. Courts
> do not automatically grant "next friend" status under § 2242 to anyone
> who seeks to pursue an action on behalf of a petitioner, however.

> *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).
>
> To represent a party as "next friend" in a habeas action, the party must (1) give an adequate explanation why the real party in interest cannot pursue the action on his own behalf, (2) establish that there is a true dedication to the best interest of the real party in interest, and (3) show a significant relationship with the real party in interest. *See Thorpe v. Eavenson*, No. 3:07-cv-1735-D, 2007 WL 4355441, at *2 (N.D. Tex. Dec. 11, 2007). The potential next friend has the burden to clearly "establish the propriety of his status" so as to "justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 164; *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) (noting that "the court is without jurisdiction to consider the petition" unless the application sets forth adequate reasons or explanations for granting next friend status).

*Wiley v. Texas*, No. 3:25-cv-922-D-BW, 2025 WL 1829835, at *1 (N.D. Tex. June 24, 2025) (cleaned up), *rec. adopted*, 2025 WL 1828716 (N.D. Tex. July 2, 2025) (dismissing petition without prejudice for lack of jurisdiction).

The petition also fails to explain how venue is proper in Dallas.

Like Dallas, Eden – where Petitioner was physically confined when the habeas application was filed – is in the Northern District of Texas, but Eden is also within Concho County, which is in the San Angelo Division of this district. *See* 28 U.S.C. § 124(a)(4).

"In general, '[t]he only district that may consider a habeas corpus challenge to present physical confinement pursuant to § 2241 is the district court in which the [petitioner] is confined.'" *Dada v. Witte*, Civ. A. No. 20-1093, 2020 WL 1674129, at *2 (E.D. La. Apr. 6, 2020) (quoting *United States v. McPhearson*, 451 F. App'x 384, 387 (5th Cir. 2011) (per curiam) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 442-43 (2004); *Lee v. Wetzel*, 244 F.3d 370, 375 n.5 (5th Cir. 2001))).

And, "[i]n challenges to present physical confinement," the United States

Supreme Court has "reaffirm[ed] that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." *Padilla*, 542 U.S. at 439-40 (further noting that, "[i]f the 'legal control' test applied to physical-custody challenges, a convicted prisoner would be able to name the State or the Attorney General as a respondent to a § 2241 petition" but, "[a]s the statutory language, established practice, and our precedent demonstrate, that is not the case").

The undersigned's survey of recent immigration habeas cases, undertaken in a similarly postured action, revealed that "the immediate-custodian rule is alive and well." *Aguilar v. Johnson*, No. 3:25-cv-1904-K-BN, 2025 WL 2099201, at *1-*2 (N.D. Tex. July 25, 2025) (collecting cases).

And, so, consistent with the record and the established immediate-custodian rule that applies to this proceeding, venue is not proper in the Dallas Division of this district.

The Court may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also id.* § 1631; *Middlebrooks v. Smith*, 735 F.2d 431, 432 (11th Cir. 1984) ("Section 1631 is analogous in operation to 28 U.S.C. §§ 1404(a) and 1406(a).").

The Court may raise this issue *sua sponte. See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

And a magistrate judge may properly order that a case be transferred to another federal district or another division of the same court as a nondispositive matter under 28 U.S.C. § 636(b)(1)(A). *Cf. Franco v. Mabe Trucking Co.*, 3 F.4th 788

(5th Cir. 2021) (affirming order by magistrate judge, on pretrial management reference, transferring case under 28 U.S.C. § 1631 (but labeled by judge as 28 U.S.C. § 1406(a)) to another district for want of personal jurisdiction).

And, so, (1) because Petitioner was physically detained at an ICE facility in Concho County, in the San Angelo Division of this judicial district, when this case was filed and (2) considering the nature of the habeas claims, *see, e.g.*, Dkt. No. 4 (emergency motion to expedite review), the Court will immediately transfer this habeas action to the San Angelo Division of the Northern District of Texas under Sections 1406(a) and 1631, where the transferee court may take up the "next friend" deficiency identified above.

SO ORDERED.

DATED: April 21, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

- 4 -